283.    Plaintiff restates and incorporates by reference all prior paragraphs as if fully set forth herein;

284.    Plaintiff engaged in protected First Amendment activity on matters of public concern, including (a) whistleblowing regarding government misconduct; (b) filing internal and external complaints and cooperating with investigations; and (c) seeking redress from oversight bodies and courts. Plaintiff spoke as a private citizen and/or, to the extent any statements were made within employment channels, they addressed matters of public concern and were not made pursuant to purely official duties;

285.    Acting under color of state law, defendants took adverse actions that would deter a person of ordinary firmness from continuing to speak or petition, including but not limited to: targeted surveillance; intimidation and harassment; manufactured discipline; hostile and punitive work assignments; interference with evidence preservation; manipulation of complaint and administrative processes; and obstruction of plaintiff's access to judicial and investigatory forums;

286.    Plaintiff's protected activity was a substantial or motivating factor in defendants' adverse actions, as evidenced by temporal proximity, express hostility toward plaintiff's speech and petitioning, pretextual justifications, and departures from established policies and procedures;

287.    But for plaintiff's protected speech and petitioning, defendants would not have undertaken the adverse actions described herein. Any purported non-retaliatory reasons are pretextual;

288.    Defendants further abused their official positions to impede and chill plaintiff's right to petition the government and access the courts, including by withholding and/or destroying evidence, engineering administrative obstacles, and orchestrating retaliatory measures designed to frustrate litigation and complaint processes;

289.    The above conduct violated clearly established First Amendment rights, and no reasonable official could have believed such conduct lawful. Qualified immunity is unavailable.

290.    Conspiracy (42 U.S.C. § 1985—Pled in the Alternative): Defendants agreed and acted in concert to retaliate against and intimidate plaintiff for exercising First Amendment rights and to deter participation in and access to judicial and administrative proceedings, committing overt acts in furtherance of the agreement and causing the injuries alleged. To the extent required, defendants acted with invidiously discriminatory animus and/or to obstruct the due course of justice. Plaintiff reserves the right to specify subsection(s) (§ 1985(2)/(3)) and **additional co-conspirators as discovery proceeds.**

291.    As a direct and proximate result of defendants' conduct, plaintiff suffered economic losses (including lost income and litigation expenses), reputational harm, emotional distress, and ongoing chilling of speech, and faces a credible threat of continued retaliation absent

injunctive relief.

**WHEREFORE**, Plaintiff requests judgment in her favor and against the Individual Defendants (and against the City as separately pled under § 1983), awarding:

  A. Compensatory damages in an amount to be determined at trial;

  B. Punitive damages against the Individual Defendants;

  C. Declaratory relief that Defendants' conduct violated the First Amendment;

  D. Preliminary and permanent injunctive relief enjoining further retaliation, directing non-interference with evidence preservation/production, and restoring Plaintiff to the status quo ante as appropriate;

  E. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

  F. Such other and further relief as the Court deems just and proper.

## EIGHTH CAUSE OF ACTION: FOURTH AMENDMENT VIOLATION
### (Unreasonable Searches/Seizures)

(Against All Individual Defendants (42 U.S.C. § 1983, 42 U.S.C 1985); against the City as separately pled under (42 U.S.C. § 1983)

292.    Plaintiff restates and incorporates by reference all prior paragraphs as if fully set forth herein.

293.    Fourth Amendment: unreasonable searches and seizures and privacy invasions through warrantless surveillance, location tracking, integrity tests, interference with home and personal communications.  Defendants forced the plaintiff into psych evaluation unlawfully conducted by Adam Bloom. The referral is part of retaliation, humiliation, and malicious targeting.

294.    The defendants' clandestine exploitation of established mail-handling procedures constitutes a calculated pattern of harassment and psychological intimidation, deliberately designed to evade immediate detection while inflicting ongoing harm.

295.    Defendants, acting under color of state law, failed to intervene and prevent known constitutional violations despite a duty to do so. Police Commissioner Sewell and Captain Fahey failed to implement safeguards after being notified of misconduct, leaving plaintiff vulnerable. Investigators Subir and Degraf (NYPD Inspector General) were notified in October 2022 but took no remedial action.

*Legal principle: Under Anderson v. Branen, 17 F.3d 552 (2d Cir. 1994) and similar precedent, officers have an affirmative duty to intervene when aware of constitutional violations by others. O'Connor v. Pierson, 426 F.3d 187 (2d Cir. 2005) – held that forcing an employee to undergo psychiatric evaluation can implicate constitutional protections.*

## NINTH  CAUSE OF ACTION: FOURTEENTH AMENDMENT VIOLATION
### (Due Process / Equal Protection)

(Against All Individual Defendants (42 U.S.C. § 1983, 42 U.S.C 1985); against the City as separately pled under (42 U.S.C. § 1983)

296.    Plaintiff restates and incorporates by reference all prior paragraphs as if fully set forth herein.

297.    Fourteenth Amendment: deprivation of due process and equal protection, under the law in addition to the manipulation of disciplinary procedures, obstruction of access to exculpatory records. *Deprivation of liberty or stigma without due process of law.*

**Wherefore,** plaintiff respectfully requests judgement against the Defendants as follows:

1.    On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and such other and further relief as the Court deems just and proper;

2.    On the Second Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial,
   a. Injunctive relief prohibiting defendants from engaging in further surveillance, tracking, harassment, trespass, or contact with plaintiff (including a no-contact order and removal/return of any tracking devices);

   b. Injunctive relief prohibiting defendants from engaging in further surveillance, tracking, harassment, trespass, or contact with plaintiff's Family (including a no-contact order and removal/return of any tracking devices);

3.    On the Third Cause of Action against all the defendants, compensatory and  punitive damages against the individual defendants, declaratory relief that defendants' conduct was unlawful;
   a.    Injunctive relief prohibiting defendants from engaging in further surveillance, tracking, harassment, trespass, or contact with the plaintiff (including a No-contact order and removal/return of any tracking device);

   b.    Injunctive relief prohibiting defendants from engaging in further surveillance, tracking, harassment, trespass, or contact with plaintiff's Family (including a no-contact order and removal/return of any tracking devices);

4.    On the Fourth Cause of Action against all the defendants, compensatory and punitive damages against the individuals defendants,
   a.    Injunctive relief prohibiting defendants from engaging in further surveillance, tracking, harassment, tresspass, or contact with plaintiff (including a no-contact order and removal/return of any tracking devices);

     b.  Injunctive relief prohibiting defendants from engaging in further surveillance, tracking, harassment, trespass, or contact with plaintiff's Family (including a no-contact order and removal/return of any tracking devices);

5.     On the Fifth Cause of Action against all the defendants, compensatory and punitive damages against the individuals defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and such other and further relief as the Court deems just and proper;

6.     On the Sixth Cause of Action against all defendants, compensatory and punitive damages against the individuals defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and such other and further relief as the Court deems just and proper;

7.     On the Seventh Cause of Action against all defendants, compensatory and punitive damages against the individuals defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and such other and further relief as the Court deems just and proper;

8.     On the Eighth Cause of Action against all defendants, compensatory and punitive damages against the individuals defendants,  compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and such other and further relief as the Court deems just and proper;

9.     On the Ninth Cause of Action against all defendants, compensatory and punitive damages against the individual defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and such other and further relief as the Court deems just and proper.

Dated:      September 22, 2025

Respectfully Submitted,

Shantell Mckinnies Pro-Se
2050 Darby View Lane
Charlotte, NC 28215
Email: mckinniessha45@icloud.com
Cell: 980-230-9140

Exhibit A



**POLICE DEPARTMENT**
**Office of Deputy Commissioner,**
**Legal Matters**
**One Police Plaza, Room 1406A**
**New York, New York 10038**
**FOILAppeals@NYPD.org**

December 12, 2024

Shantell Mckinnies
mcksha45@gmail.com

RE:    **FREEDOM OF INFORMATION LAW**
        **REQUEST: FOIL-2024-056-33137**

Dear Ms. Mckinnies:

This is in response to your email dated November 29, 2024, regarding records requested pursuant to the Freedom of Information Law (FOIL). Your appeal is premature because, as of the date of your appeal, the Records Access Officer (RAO) had not yet issued a determination on your request, and, therefore, your appeal lacked the predicate denial of access.

The authority of the undersigned is limited to the review of determinations made by the Records Access Officer concerning the disclosure of records requested pursuant to the Freedom of Information Law. In your appeal letter, you acknowledge receipt of the Records Access Officer's response to your original request in which he issued an estimate of 90 business days for completion of your request. Because the RAO has yet to make a final determination, the undersigned is unable to issue a substantive appeal determination.

The RAO complied with the provisions of New York Public Officers Law Section 89(3), which requires that, "[e]ach entity subject to the provisions of this article, within five business days of the receipt of a written request for a record reasonably described, shall . . . furnish a written acknowledgement of the receipt of such request and a statement of the approximate date, which shall be reasonable under the circumstances of the request, when such request will be granted or denied".

On November 20, 2024, the RAO acknowledged receipt of your request in a timely manner, provided you with an approximate date when a determination would be made (approximately 90 business days or "**on or about April 4, 2025**"), and commenced a search for the records you requested. This estimate was made by taking into account the volume of documents requested, the time involved in locating the material, and the complexity of the issues involved in determining whether the materials fall within one of the exceptions to disclosure. Accordingly, it is estimated

COURTESY • PROFESSIONALISM • RESPECT

that the RAO will issue a determination on or before the date provided in the acknowledgment letter.

Respectfully,

Katherine T. Obanhein, Esq.
Records Access Appeals Officer

c:  Committee on Open Government

 Gmail                                             No Name <non292078@gmail.com>

## Fwd: [OpenRecords] Request FOIL-2023-056-09145 Closed
1 message

**Shawny Mckinnies** <shawny.mckinnies@icloud.com>          Sat, May 13, 2023 at 12:42 AM
To: non292078@gmail.com

Sent from my iPhone

Begin forwarded message:

> **From:** donotreply@records.nyc.gov
> **Date:** April 25, 2023 at 8:17:39 AM EDT
> **To:** shawny.mckinnies@icloud.com
> **Subject: [OpenRecords] Request FOIL-2023-056-09145 Closed**
> **Reply-To:** DOCPROD110C@nypd.org

The New York City Police Department (NYPD) has **denied** your FOIL request FOIL-2023-056-09145 for the following reasons:

- The Freedom of Information Law allows access to existing documents and does not necessitate the creation of a document. I am unable to provide access to these documents on the basis that your request does not reasonably describe a record in a manner that would enable a search to be conducted by the New York City Police Department.

*exist already.*

Please visit FOIL-2023-056-09145 to view additional information and take any necessary action. You may appeal the decision to deny access to material that was redacted in part or withheld in entirety by contacting the agency's FOIL Appeals Officer: foilappeals@nypd.org within 30 days.

*4/20/23*

5/13/23, 12:51 AM                          Gmail - Re: [OpenRecords] Request FOIL-2023-056-09147 Closed

 Gmail

No Name <non292078@gmail.com>

---

## Re: [OpenRecords] Request FOIL-2023-056-09147 Closed

---

**Shawny Mckinnies** <shawny.mckinnies@icloud.com>                    Sat, May 13, 2023 at 12:41 AM
To: non292078@gmail.com

Sent from my iPhone

On Apr 25, 2023, at 12:22 PM, donotreply@records.nyc.gov wrote:

The New York City Police Department (NYPD) has **denied** your FOIL request FOIL-2023-056-09147 for the
following reasons:

- In regard to the document(s) which you requested, I must deny access to these records on the
  basis of Public Officers Law Section 87(2)(b) as such information, if disclosed, would constitute an
  unwarranted invasion of personal privacy.

Please visit FOIL-2023-056-09147 to view additional information and take any necessary action. You may
appeal the decision to deny access to material that was redacted in part or withheld in entirety by
contacting the agency's FOIL Appeals Officer: foilappeals@nypd.org within 30 days.

*Previous Denials*

*# 2022 - 056 - 07267*

*# 2022 - 056 - 07268*

*Submitted*
*4/21/23*

*(D9) 1*

Open
RECORDS

(/)

# FOIL-2022-056-07267 ❓

Title:

NYPD Employment Records

# Closed

## New York City Police Department (NYPD)

**Acknowledgment**
**Due Date:**
04/29/2022

Contact the Agency

# Responses ❓

1
**DENIAL**
The records were previously requested by you and are being denied as a duplicate r…
Wednesday, 04/27/2022 at 11:14 AM



(/)

Your message has been sent.                                    ✕

# FOIL-2022-056-07268 ❓

Title:
NYPD Employment Records/ CPI

## Open

### New York City Police Department (NYPD)

**Due Date:**
09/07/2022

Contact the Agency

## Responses ❓

1
**ACKNOWLEDGMENT**
Tuesday, 04/26/2022 at 5:05 PM

Exhibit B



www.comptroller.nyc.gov

**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET  ROOM 1200**
**NEW YORK, N.Y.  10007-2341**

_____

Brad Lander
**COMPTROLLER**

015 - 365

Date:      5/13/2025
RE:      Receipt of Notice of Claim
Claim Number:  2025LE017370

SHANTELL MCKINNIES
2050 DARBY VIEW LN
CHARLOTTE NC 28215

Dear Claimant:

We acknowledge receipt of your Notice of Claim, which has been assigned the above claim number. Please refer to this claim number in any correspondence or inquiry you may have with our office.

If your claim is not resolved, most lawsuits against the City must be started within one year and 90 days from the date of the alleged incident.

The Bureau of Law & Adjustment

# Shantell McKinnies
### 2050 DARBY VIEW LANE
### CHARLOTTE, NC 28215
### TEL: (718) 855-9595, FAX: (718) 855-9494

By Hand Delivery

Corporation Counsel of the City of New York
Special Federal Litigation Division
100 Church Street
New York, NY 10007

Krez & Flores, LLP
Counselors At Law
225 Broadway, Suite 2800
New York, New York 10007-3001

      Re:   <u>McKinnies v. City of New York, et al.</u>
              Claim # 2025LE017370

Dear Sir/Madam;

      In response to the August 4, 2025, Notice of Virtual 50H Hearing, and demand requesting executed authorizations, pursuant to CPL§160.50, please be advised that the claimant was not actually charged to court with any crimes and as such have no records of any case or docket number from any court.

      Thank you in advance for all anticipated courtesies.

_____    9/8/2025
Shantell McKinnies              Dated

Exhibit C

# KREZ & FLORES, LLP

COUNSELLORS AT LAW
225 BROADWAY, SUITE 2800
NEW YORK, NY 10007-3001
Phone (212) 266-0400
Fax (212) 724-0011
E-mail: Mail@KrezFlores.com

Edward A. Flores
Gregory Wilson
Karla R. Alston
Larisa Girsh
Jonathan D. Goldsmith †
Mark A. Taustine

Matthew E. Schaefer
Frank A. Melendez

*Of Counsel*
Paul Krez

Richard Montalvo
Christopher D. Acosta
Fiona McFarland
Francesca Fonzetti
Ahmed Toure
Marlon P. Rufino
Joel S. Ray
Daren P. Atkinson

*Special Counsel*
Karen S. Drotzer
N. Jeffrey Brown

†Admitted in NY & NJ

Sent via regular mail

August 4, 2025

**NOTICE OF VIRTUAL 50-H HEARING VIA ZOOM**

SHANTELL McKINNIES
2050 DARBY VIEW LANE
CHARLOTTE, NC 28215

          Re:    Claimant Name:   McKINNIES, SHANTELL
                 Claim Number:    2025LE017370

Dear Sir / Madam:

Please take notice that, pursuant to Section 50-h of the General Municipal Law (GML), claimant(s) is/are mandated by law to appear VIA ZOOM, at the date and time specified below, to be orally examined under oath relative to the occurrence and extent of injuries for which the above claim is made:

|   |   |
|---|---|
| **Date of Hearing:** | **9/8/2025** |
| **Time of Hearing:** | **1:00 PM** |
| **Location of Hearing:** | VIA ZOOM. An invitation with login information will be sent the day before the hearing. Please call to confirm and provide your email or cell phone contact information upon receipt of this notice. |

A claimant who is represented by counsel should be accompanied by his/her attorney. If claimant is not represented by an attorney, the following instructs will still apply.

Claimant is further mandated, pursuant to Section 93(d) of the New York City Charter and Section 50-h of the GML, to present him/herself for a physical examination at a date and location to be provided under separate cover.

Please note that all infant claimants must appear. The hearing will begin promptly at the time indicated and counsel should prepare their clients prior to the time designated for the hearing.

Upon receipt of this notice, please contact us if a language

interpreter for your client is necessary. One day prior to the hearing, we will call your office to confirm the date and time of the hearing. If you confirm the hearing date at that time and you subsequently fail to appear for the hearing, you will be charged by the City for any legal fee, interpreter fee and stenographic fee incurred.

All applications for adjournments should be in writing and directed via email to **cjackson@krezflores.com**.

Claimants will be permitted one adjournment without cause. Application for such adjournments should be made at least one week prior to the hearing date. Applications for additional adjournments must include the reason for the request, and will be granted for good cause only.

If a claimant fails to appear for a scheduled hearing, a default will be declared and claimant's failure to appear will be raised as an affirmative defense in any lawsuit subsequently filed.

In order to prevent fraud, you are required to present proper identification prior to commencement of the hearing. Additionally, you are requested to bring to the hearing original photographs of the accident scene and copies of all documents relevant to this claim including but not limited to:

  (1)   **prior written notice map;**
  (2)   **all medical and hospital records;**
  (3)   **authorizations for the Comptroller's Office to obtain, as applicable, medical, criminal, employment and/or school records, and loss of income documentation;**
  (4)   **police reports.**

**If this is a police claim, please bring an executed CPL 160.50 (consent/authorization to release sealed records) to your hearing. A blank form has been provided for your convenience) If you have any questions concerning this authorization, please consult an attorney.**

Pursuant to State and Federal law, the Comptroller's Office, through its attorneys taking hearings, is authorized to obtain, social security and Medicare or Medicaid numbers for tax and reporting purposes, and to allow for the collection of liens held by the City and State.

Please be advised that nothing contained herein shall be construed as extending the statute of limitations beyond the statutory time. **The following instructions apply only if an in-person hearing has been agreed to by all parties and their counsel, if so represented:**

**Claimants Represented by Counsel**

In light of the rapidly evolving public-health crisis presented by the coronavirus, please note the following, which are based on the recommendations of the Centers for Disease Control and Prevention:

- Inquire whether your client has traveled to a high-risk area within the last 14 days (China, South Korea, Japan, Italy and Iran)
- Inquire whether your client is experiencing any flu-like symptoms, such as fever, cough, or shortness of breath
- Ask to postpone or reschedule a 50-h hearing if your client has traveled to a high-risk area, is experiencing flu-like symptoms, or is sick
- Agree to reschedule a 50-h hearing if a claimant exhibits any of the above symptoms during a 50-h hearing
- While in our facilities, claimant and counsel should wash hands with soap and water for at least 20 seconds, especially after going to the bathroom; before eating; and after blowing your nose, coughing, or sneezing. If soap and water are not readily available, use an alcohol-based hand sanitizer with at least 60% alcohol.

## Pro Se Claimants

In light of the rapidly evolving public-health crisis presented by the coronavirus, please note the following, which are based on the recommendations of the Centers for Disease Control and Prevention:

- Please contact our office to postpone or reschedule a 50-h hearing if you have traveled to a high-risk area (China, South Korea, Japan, Italy and Iran) in the last 14 days, are experiencing flu-like symptoms, or are sick
- If you exhibit any of the above symptoms during a 50-h hearing agree to reschedule the 50-h hearing
- You will be required to wear a mask while present at our office
- While in our facilities, wash your hands with soap and water for at least 20 seconds, especially after going to the bathroom; before eating; and after blowing your nose, coughing, or sneezing. If soap and water are not readily available, use an alcohol-based hand sanitizer with at least 60% alcohol.
- You will be asked to fill out a questionnaire concern your potential coronavirus exposure. If you do not fill out this questionnaire, the hearing will not proceed.

Thank you for your understanding and cooperation in the effort to keep

all New Yorkers safe from the spread of the coronavirus.

All questions with regard to this notice should be addressed to the undersigned at **cjackson@krezflores.com**.

**Please be aware that filing a false claim or aiding and abetting the filing of a false claim is a crime. Violators will be prosecuted to the fullest extent of the law.**

Sincerely,

*Curtis Jackson*

Curtis Jackson
50h Coordinator

cc: Comptroller's office
1 Centre Street
New York, NY 10007

# YOU MUST CONFIRM YOUR INTENT TO APPEAR FOR THIS HEARING BY 3PM THE BUSINESS DAY PRIOR TO YOUR SCHEDULED APPEARANCE

**Mail body: Fwd: 50 H hearing / Shantell McKinnies / Claim # 2025LE017370**

Sent from my iPhone

Begin forwarded message:

> **From:** "Patrick O'keke, Esq." <polawuk@aol.com>
> **Date:** September 11, 2025 at 7:45:52 PM EDT
> **To:** lmorales@krezflores.com
> **Cc:** mckinniessha45@icloud.com
> **Subject: Re: 50 H hearing / Shantell McKinnies / Claim # 2025LE017370**

Dear Mr. Morales,

I am writing on behalf of our client, Ms. Shantell McKinnies, regarding the pre-scheduled 50-H hearing with Krez & Flores, LLP, representing the City of New York.

As you may recall, the hearing was originally scheduled for September 8, 2025, at 1:00 PM. However, your office canceled this hearing without prior notice, and we were only made aware of the cancellation on the morning of September 8, 2025. Following this cancellation, we agreed to reschedule the hearing for Friday, September 12, 2025, at 1:00 PM, with your office committing to send a confirmation email by Thursday, September 11, 2025.

As of now, 7:30 PM on September 11, 2025, we have not received any confirmation or link for the rescheduled hearing. This repeated lack of communication and unilateral cancellation is causing significant inconvenience and disruption to our client.

Please confirm by 11:00 AM tomorrow, September 12, 2025, whether the hearing will proceed as agreed. If we do not receive confirmation by this time, we will consider the hearing unilaterally canceled once again by the City of New York.

We trust you will address this matter with the urgency it deserves.

Patrick O'keke, Esq.
O'keke & Associates, PC.
801 Franklin Avenue
Brooklyn, New York 11238

Tel. 718/855-9595
Fax. 718/855-9494

The information contained in this email/facsimile message is legally privileged and confidential intended only for the use of the individual or entity named above if the reader of this message is not the intended recipient.  You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone/email and delete or return the original message to us at the above address via the U.S. Postal Service.

**Mail body: Fwd: 50 H hearing / Shantell McKinnies / Claim # 2025LE017370**

Sent from my iPhone

Begin forwarded message:

> **From:** Curtis Jackson <cjackson@krezflores.com>
> **Date:** September 12, 2025 at 9:33:23 AM EDT
> **To:** "Patrick O'keke, Esq." <polawuk@aol.com>
> **Cc:** mckinniessha45@icloud.com, Lucas Morales <lmorales@krezflores.com>
> **Subject: RE: 50 H hearing / Shantell McKinnies / Claim # 2025LE017370**

Good morning Mr. O'Keke,


There is an issue on my client's end.  The Comptroller's office assigned us the claim for the purpose of the 50-H hearing only.  When we tried to access the NOC, we could no longer access the file.


I have emailed my contact directly at the Comptroller's office to determine what happened.  I expect to receive a response by today, and I will update you by Monday regardless of their response status.


Once this access issue is resolved, we can get this back on our calendar immediately.


I sincerely apologize for the inconvenience and disruption this has caused Ms. McKinnies. Please feel free to contact me directly at 212-266-0400 if you need immediate clarification.


Curtis Jackson

Krez & Flores, LLP

225 Broadway, Suite 2800

New York, NY 10007

Phone 212-266-0400 x 222

**Mail body: Fwd: 50 H hearing / Shantell McKinnies / Claim # 2025LE017370**

Sent from my iPhone

Begin forwarded message:

> **From:** "Patrick O'keke, Esq." <polawuk@aol.com>
> **Date:** September 12, 2025 at 9:57:51 AM EDT
> **To:** Curtis Jackson <cjackson@krezflores.com>
> **Cc:** mckinniessha45@icloud.com, Lucas Morales <lmorales@krezflores.com>
> **Subject: Re: 50 H hearing / Shantell McKinnies / Claim # 2025LE017370**
>
> Good Morning Curtis,
>
> I appreciate the update, I guess for now we'll wait to see if you are able to clear this up with the City.  Thank you.
>
> Patrick O'keke, Esq.
> O'keke & Associates, PC.
> 801 Franklin Avenue
> Brooklyn, New York 11238
>
> Tel. 718/855-9595
> Fax. 718/855-9494
>
> The information contained in this email/facsimile message is legally privileged and confidential intended only for the use of the individual or entity named above if the reader of this message is not the intended recipient.  You are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone/email and delete or return the original message to us at the above address via the U.S. Postal Service.
>
> On Friday, September 12, 2025 at 09:33:12 AM EDT, Curtis Jackson <cjackson@krezflores.com> wrote:
>
>> Good morning Mr. O'Keke,
>>
>> There is an issue on my client's end.  The Comptroller's office assigned us the claim for the purpose of the 50-H hearing only.  When we tried to access the NOC, we could no longer access the file.
>>
>> I have emailed my contact directly at the Comptroller's office to determine what happened.  I expect to receive a response by today, and I will update you by Monday regardless of their response status.
>>
>> Once this access issue is resolved, we can get this back on our calendar immediately.
>>
>> I sincerely apologize for the inconvenience and disruption this has caused Ms. McKinnies. Please feel free to contact me directly at 212-266-0400 if you need immediate clarification.

# Shantell McKinnies
2050 Darby View Lane
Charlotte, NC 28215
Tel: (718) 855-9595, Fax: (718) 855-9494

By Hand Delivery

Corporation Counsel of the City of New York
Special Federal Litigation Division
100 Church Street
New York, NY 10007

Krez & Flores, LLP
Counselors At Law
225 Broadway, Suite 2800
New York, New York10007-3001

   Re: <u>McKinnies v. City of New York, et al.</u>
      Claim # 2025LE017370

Dear Sir/Madam;

   In response to the August 4, 2025, Notice of Virtual 50H Hearing, and demand requesting executed authorizations, pursuant to CPL§160.50, please be advised that the claimant was not actually charged to court with any crimes and as such have no records of any case or docket number from any court.

   Thank you in advance for all anticipated courtesies.

_____  9/8/2025
Shantell McKinnies        Dated