UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANTELL MCKINNIES,

                          Plaintiff,

          -against-

CITY OF NEW YORK et al.,

                    Defendants.

25 Civ. 7968 (JHR) (SDA)

**ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

JENNIFER H. REARDEN, District Judge:

Plaintiff Shantell Mckinnies brings this action *pro se*, alleging, *inter alia*, claims against the City of New York, the New York City Police Department (the "NYPD"), and NYPD personnel under the Racketeer Influenced and Corrupt Organizations Act.  Before the Court are Plaintiff's Emergency Motion for Temporary Restraining Order and Protective Order, ECF No. 34 (Pl. Mot. 1) (the "First Motion"), and Plaintiff's Letter-Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 56 (Pl. Mot. 2) (the "Second Motion").

## BACKGROUND

Plaintiff, currently a resident of Charlotte, North Carolina, asserts in her First Motion that she "has been subjected to coordinated and persistent acts of retaliation" since approximately 2018 for having complained about racial discrimination by a supervisor and in connection with a dispute with a former partner.  Pl. Mot. 1 at 2-3; *see* ECF No. 72 at 1-2.  Plaintiff allegedly experienced this retaliation, "including . . . [s]talking and surveillance," at the hands of, among others, Jane Doe and John Doe members of the NYPD.  Pl. Mot. 1 at 2-3, 5.  Plaintiff seeks a temporary restraining order ("TRO") "prohibiting defendants and any affiliated agents (or through a third party) from engaging in surveillance, harassment, electronic intrusion, further

smear campaigns or physical tracking of Plaintiff" and ordering Defendants "to cease and desist all contact with [her] family, property, or communications." *Id*. at 5.

Plaintiff's Second Motion "seeks to bring to the Court's attention" that "Section 702 [of the Foreign Intelligence Surveillance Act] mechanisms are being misused by executive-level officials throughout multiple law-enforcement agencies including the NYPD as a retaliation tool, and that such misuse has caused—and continues to cause—plaintiff imminent and irreparable harm." Pl. Mot. 2 at 1. The Second Motion requests that the Court "[g]rant a Temporary Restraining Order against the named defendants, . . . extend that relief to any agents, affiliates, or persons acting in concert with them who have actual notice of the Order," and "direct defendants to immediately cease the complained-of conduct and schedule a reasonably expedited hearing on Plaintiff's application for a preliminary injunction." *Id.* at 2.

**LEGAL STANDARDS**

As Plaintiff is proceeding *pro se*, the Court construes her pleadings "liberally" and interprets them "to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation and internal quotation marks omitted). But "[p]ro se status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Azzarmi v. Key Food Stores Co-Operative Inc.*, No. 20 Civ. 6835, 2021 WL 1734922, at *3 (S.D.N.Y. May 3, 2021) (citation and internal quotation marks omitted).

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (quoting *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008)). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant,

2

by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (per curiam) (citation and internal quotation marks omitted). A plaintiff seeking preliminary injunctive relief "must establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *Gazzola v. Hochul*, 88 F.4th 186, 194 (2d Cir. 2023) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The district court has wide discretion in determining whether to grant a preliminary injunction . . . ." *Moore v. Consol. Edison Co.*, 409 F.3d 506, 511 (2d Cir. 2005).

## DISCUSSION

Plaintiff's First Motion and Second Motion raise overlapping issues. Accordingly, the Court considers them together.

Plaintiff's First Motion contains the clearest statement of her claims as relevant to her request for preliminary injunctive relief. She argues that she "has established a credible and ongoing violation of constitutional rights" in that "[s]urveillance without a warrant or lawful purpose violates the Fourth Amendment." Pl. Mot. 1 at 4. Plaintiff further "alleges retaliation and suppression of expression," which, she argues, "implicate First Amendment rights." *Id.* She also states that "[t]he total absence of due process or lawful notice of any investigation triggers due process protections under the Fifth and Fourteenth Amendments." *Id.*

In support of her First Motion, Plaintiff includes affidavits dated October 27, 2023 that describe incidents of alleged harassment on June 2, 2021, July 28, 2021, November 12, 2021, February 17, 2022, February 19, 2022, March 22, 2022, June 27, 2022, November 21, 2022, and March 30, 2023. Pl. Mot. 1 at 10-11, 18-19, 23-24, 29-30, 32-33, 39-40, 45-46, 49-50

(McKinnies Affs.).[1]  In support of her Second Motion, Plaintiff attaches a Foreign Intelligence Surveillance Court Opinion and Order from April 11, 2023, which she contends "offers . . . a plausible representative example of how this mechanism is being misused by the defendants to harm her."  Pl. Mot. 2 at 1; ECF Nos. 56-1, 56-2, and 56-3.  Plaintiff also attaches a "FY 2025 Homeland Security Grant Program Fact Sheet," *see* ECF No. 56-4, and what appears to be an October 3, 2012 press release from the U.S. Senate Committee on Homeland Security & Governmental Affairs, *see* ECF No. 56-5.

On the record before the Court, Plaintiff has not "established a likelihood of success on the merits of [her] case to entitle [her] to the extraordinary relief [s]he seeks."  *Crichlow v. Verituity Inc., et al.*, No. 25 Civ. 6591, ECF No. 15 at *2 (JHR) (SN) (S.D.N.Y. August 29, 2025) (Netburn, M.J.).  Plaintiff alleges a conspiracy of surveillance and harassment perpetrated by several government agencies, spanning a number of years and several states.  *See* McKinnies Affs.  To remedy this, she asks that the Court issue a TRO and preliminary injunction against numerous defendants, both known and unknown.  *See* Pl. Mot. 1 at 5.  While Plaintiff avers that many of her harassers were NYPD officers known to her from her own time on the force, none are specifically identified by Plaintiff or alleged to have identified themselves as officers.  *See* McKinnies Affs.  "The Court understands that Plaintiff describes these instances in support of [her] *belief* that there is an ongoing conspiracy against [her]."  *Morren v. New York Univ.*, No. 20 Civ. 10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022), *report and*

---

[1] The affidavits submitted by Plaintiff bear the caption *McKinnies v. City of New York*, case number 23 Civ. 2567 (HG) (JRC), and a line indicating that they were filed in "Kings County, New York."  The Court takes judicial notice that an employment discrimination case was filed by Plaintiff in the U.S. District Court for the Eastern District of New York, with the above-referenced case number, and subsequently was dismissed.  *See McKinnies v. City of New York*, No. 23 Civ. 2567 (HG) (JRC), 2024 WL 4333703, at *1 (E.D.N.Y. Sept. 27, 2024).  Many of Plaintiff's allegations in the First Motion and the Second Motion were also raised in some form in that case.  *Id.* at *10-11.

*recommendation adopted*, No. 20 Civ. 10802 (JPO), 2022 WL 1665013 (S.D.N.Y. May 25, 2022). "However, a '[p]laintiff's beliefs — however strongly [s]he may hold them — are not facts.'" *Kim v. New Jersey*, No. 25 Civ. 8315 (KPF), 2025 WL 3013080, at *3 (S.D.N.Y. Oct. 28, 2025) (quoting *Morren*, 2022 WL 1666918, at *18). "The assertion that Plaintiff was a victim of such a broad conspiracy by the department" is likely "not plausible as alleged." *McKinnies v. City of New York*, No. 23 Civ. 2567 (HG) (JRC), 2024 WL 4333703, at *10-11 (granting motion to dismiss against the Plaintiff in this case, including of her allegations that "her Fourth Amendment rights were violated because she was subjected to continued physical surveillance, break-ins at her homes, and wiretapping by unnamed and unidentified police officers and civilians"); *see Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (affirming finding that *pro se* plaintiff's claims were implausible where he alleged he was subject to 24-hour multi-jurisdictional surveillance); *Moore v. Georgia*, No. 24 Civ. 5545, 2024 WL 4149959, at *3 (S.D.N.Y. Sept. 11, 2024) ("[B]ecause Plaintiff does not provide any plausible factual support for her claims of stalking, they rise to the level of the irrational and must be dismissed as frivolous.").

Plaintiff's mere "conclusory assertion[s]" of wrongdoing are insufficient to demonstrate "a likelihood of success on the merits" or "sufficiently serious questions going to the merits to make them fair ground for litigation." *Lin v. Shim*, No. 25 Civ. 1367 (JGK), 2025 WL 642249, at *4 (S.D.N.Y. Feb. 27, 2025). "Plaintiff has not, even with the special solicitudes afforded to *pro se* Plaintiffs, carried the burden of persuasion required to receive such a drastic remedy." *Dennis v. K&L Gates LLP*, No. 20 Civ. 9393 (MKV), 2025 WL 1094493, at *2 (S.D.N.Y. Apr. 11, 2025) (cleaned up). The Court therefore declines to grant

the "extraordinary . . . remedy," *Grand River Enter. Six Nations*, 481 F.3d at 66, of a temporary restraining order and preliminary injunction.

## CONCLUSION

Accordingly, Plaintiff's motions, ECF Nos. 34 and 56, are DENIED without prejudice. The Clerk of Court is directed to terminate ECF Nos. 34 and 56.

SO ORDERED.

Dated:       New York, New York
             April 29, 2026

JENNIFER H. REARDEN
United States District Judge