**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Shantell Mckinnies,**

**Plaintiff,**

**-against-**

**City of New York et al,**

**Defendants.**

**1:25-cv-07968 (JHR) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a Letter Motion by *pro se* Plaintiff Shantell Mckinnies ("Plaintiff"), filed on May 25, 2026, seeking a "targeted preservation order." (Pl.'s 5/25/26 Mot., ECF. No. 101.) For the reasons set forth below, Plaintiff's motion is DENIED.

## BACKGROUND

On September 25, 2025, Plaintiff commenced this action by filing a Complaint asserting nine causes of action. (Compl., ECF No. 1.) On March 8, 2026, Plaintiff filed an Amended Complaint asserting 42 U.S.C. § 1983 claims (under the First, Fourth and Fourteenth Amendments), a *Monell* claim and a state law claim. (Am. Compl. ¶¶ 117-46.) On April 22, 2026, certain defendants moved to dismiss the Amended Complaint. (Moving Defs.' 4/22/26 Not. of Mot., ECF No. 80.) On May 25, 2026, Plaintiff filed her motion for a preservation order that is the subject of this Order. (*See* Pl.'s 5/25/26 Mot.) On August 13, 2026, the undersigned issued a Report and Recommendation ("R&R") recommending that the motion to dismiss be granted and that Plaintiff not be granted leave to amend. (8/13/26 R&R, ECF No. 112, at 23.) Plaintiff's objections to the R&R are *sub judice*.

## LEGAL STANDARDS

Rules 16(b)(3) and 26(f)(3) of the Federal Rules of Civil Procedure authorize preservation orders as part of a discovery plan or scheduling order. *See* Fed. R. Civ. P. 16(b)(3)(B)(iii), 26(f)(3)(C). However, the Federal Rules are not intended to "imply that courts should routinely enter preservation orders." Fed. R. Civ. P. 26(f), advisory committee's note to 2006 amendment.

A party has an "obligation to preserve evidence [which] arises when [it] has notice that the evidence is relevant to litigation." *Saraceni v. M&T Bank Corp.*, No. 19-CV-01152 (LJV) (JJM), 2021 WL 6808432, at *1 (W.D.N.Y. Feb. 19, 2021) (quoting *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998)). Thus, it is "unnecessary to order the preservation of relevant evidence." *Id*. (citing cases).

## DISCUSSION

The undersigned already has recommended that the motion to dismiss previously filed by certain defendants be granted. (*See* 8/13/26 R&R at 23.) Moreover, it does not appear that the claims in the Amended Complaint against the remaining defendants are of any greater merit. Thus, Plaintiff's motion may become moot. Regardless, it is unnecessary to enter a preservation order, since an obligation to preserve relevant evidence already exists. *See Pro. Merch. Advance Cap., LLC v. C Care Servs., LLC*, No. 13-CV-06562 (RJS), 2013 WL 12109397, at *3 (S.D.N.Y. Oct. 2, 2013) ("the Court finds that a preservation order is unnecessary and should not issue").

## CONCLUSION

By reason of the foregoing, Plaintiff's motion (ECF No. 101) is DENIED.

**SO ORDERED.**

Dated: New York, New York
October 27, 2026

STEWART D. AARON
United States Magistrate Judge